**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92101
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiffs,*
John Doe1, John Doe2, and John Doe3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| JOHN DOE1, JOHN DOE2 and JOHN DOE 3, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>A.J. BOGGS & COMPANY,<br><br>                    Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF**<br><br>(1) **THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CIVIL CODE §§ 56, *ET SEQ*. ("CMIA")**<br><br>**JURY TRIAL DEMANDED** |

*///*

*///*

*///*

*///*

*///*

1

CLASS ACTION COMPLAINT

1    Plaintiffs JOHN DOE1, JOHN DOE2, and JOHN DOE 3 (collectively as

2  "Plaintiffs")[1], using pseudonyms used to protect the privacy of the named Plaintiffs,

3  bring this class action on behalf of themselves individually and all others similarly

4  situated, by and through their attorneys, against Defendant A.J. BOGGS &

5  COMPANY ("A.J. Boggs" or "Defendant") and allege upon information and belief

6  as follows:

7                              **INTRODUCTION**

8         1.      Under the Confidentiality of Medical Information Act, Civil Code §§ 56,

9  *et seq.*   (hereinafter referred to as the "CMIA"), Plaintiffs JOHN DOE1, JOHN

10  DOE2, and JOHN DOE 3 ("Plaintiffs"), and all other persons similarly situated, had a

11  right to keep their personal medical information provided to Defendant A.J. BOGGS

12  & COMPANY ("A.J. Boggs" or "Defendant") confidential.  The short title of the

13  CMIA states, "The Legislature hereby finds and declares that persons receiving

14  health care services have a right to expect that the confidentiality of individual

15  identifiable medical information derived by health service providers be reasonably

16  preserved.  It is the intention of the Legislature in enacting this act, to provide for the

17  confidentiality of individually identifiable medical information, while permitting

18  certain reasonable and limited uses of that information." The CMIA specifically

19  provides that "a provider of health care, health care service plan, or contractor shall

20  not disclose medical information regarding a patient of the provider of health care or

21  an enrollee or subscriber of a health care service plan without first obtaining an

22  authorization...." Civil Code. § 56.10(a).  The CMIA further provides that "Every

23

24  [1] A court may permit a plaintiff to proceed under a fictitious name when exceptional circumstances
justify protecting his or her true identity, including matters of a highly sensitive and personal nature
25  (e.g., HIV-positive status). *Doe v. Sup.Ct. (Luster)* (2011) 194 Cal.App.4th 750, 754. The Ninth
Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is
26  necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment."
*United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile,*
27  214 F.3d 1058, 1086 (9th Cir. 2000). A pseudonym has been used in this Complaint place of
28  Plaintiffs' real names due to privacy concerns as Plaintiffs have a reasonable fear of severe stigma,
harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case.

CLASS ACTION COMPLAINT

provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101(a).

2.    Civil Code § 56.36(b) provides Plaintiffs, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added.)

3.    This class action is brought on behalf of Plaintiffs and a putative class ("the Class") defined as:

> All citizens of the State of California who were enrolled in California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and medical information were stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016.

4.    As alleged in greater detail below, between August 2016 and December 2016, Plaintiffs and other similarly situated members of the putative class were participants in California's AIDS Drug Assistance Program ("ADAP"). Plaintiffs and other program participants relied on Defendant A.J. Boggs, the company

CLASS ACTION COMPLAINT

1   contracted to administer program enrollment, to not only aid them in procuring life-
2   saving medications to keep HIV under control, but to keep their personal medical
3   information, including their identities as HIV-positive individuals, strictly
4   confidential as required by the CMIA and other applicable laws. As alleged more
5   fully below, Defendant negligently created, maintained, preserved, and stored
6   Plaintiffs' and the Class members' confidential medical information without
7   Plaintiffs' and the Class members' prior written authorization, which constitutes an
8   unauthorized release of their confidential medical information in violation of Civil
9   Code § 56.101 of the CMIA.  Because Civil Code § 56.101 allows for the remedies
10  and penalties provided under Civil Code § 56.36(b), Plaintiffs seek for themselves
11  individually and on behalf of all others similarly situated, nominal damages from
12  Defendant in the amount of one thousand dollars ($1,000) for each violation under
13  Civil Code §56.36(b)(1).  Additionally, Plaintiffs, individually an on behalf of all
14  others similarly situated, seek injunctive relief.

15      5.      Plaintiffs make these allegations on information and belief, with the
16  exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel,
17  which Plaintiffs allege on personal knowledge.

18      6.      While many violations are described below with specificity, this
19  Complaint alleges violations of the statute cited in its entirety.

20      7.      Unless otherwise indicated, the use of any Defendant's name in this
21  Complaint includes all agents, employees, officers, members, directors, heirs,
22  successors, assigns, principals, trustees, sureties, subrogees, representatives, and
23  insurers of that defendant named.

24                          **JURISDICTION AND VENUE**

25      8.      This Court has jurisdiction over thus action under 28 U.S.C. § 1332(d) of
26  the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds
27  the sum or value of $5,000,000, exclusive of interest and costs, with at least one
28  member of the proposed Class being a citizen of a different state than Defendant.

CLASS ACTION COMPLAINT

9.      Venue is appropriate in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff JOHN DOE1 resides in the County of Orange, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

a) is authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;

b) does substantial business within this district;

c) is subject to personal jurisdiction with this district because it has availed itself o the laws and markets within this district; and

d) the harm to Plaintiff JOHN DOE1 occurred within this district.

## PARTIES

10.     Plaintiff JOHN DOE1 is a resident and citizen and resident of Orange County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE1 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

11.     Plaintiff JOHN DOE2 is a resident and citizen and resident of Kern County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE2 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

12.     Plaintiff JOHN DOE3 is a resident and citizen and resident of Los Angeles County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE23was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

CLASS ACTION COMPLAINT

13.     Defendant A.J. BOGGS & COMPANY is a corporation incorporated under the laws of the State of Michigan with a principal place of business and/or headquarters located at 4600 Hagadorn Road, East Lansing, Michigan 48823.

## FACTUAL ALLEGATIONS

14.     Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

15.     Plaintiff JOHN DOE1 is a resident and citizen and resident of Orange County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE1 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.[2]

16.     Plaintiff JOHN DOE2 is a resident and citizen and resident of the Kern County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE2 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

17.     Plaintiff JOHN DOE3 is a resident and citizen and resident of Los Angeles County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE3 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

18.     During April 2016 through March 2017, Defendant A.J. Boggs & Company was the private contractor responsible for administering California's ADAP enrollment services. A.J. Boggs is a corporation incorporated under the laws

---

[2] Under the Ryan White CARE Act, 42 U.S.C. §§ 300ff, *et seq*., each state is eligible to receive federal funding to conduct a program that helps ensure access to HIV medications for lower income people living with HIV who are not eligible for Medicaid and do not have an alternative source to obtain HIV medications at a reasonable cost. A program authorized under this section of the Ryan White CARE Act is called an AIDS Drug Assistance Program. 42 U.S.C. §§ 300ff-21, *et seq*.

CLASS ACTION COMPLAINT

1    of the State of Michigan with a principal place of business and/or headquarters

2    located at 4600 Hagadorn Road, East Lansing, Michigan 48823.

3         19.    California has approximately 30,000 people, including Plaintiffs,

4    enrolled in ADAP. Enrollment in ADAP requires applicants to provide detailed

5    information about their HIV-related health care, as well as access to their medical

6    records. At all relevant times, all people enrolled in California's ADAP were people

7    diagnosed and living with HIV.

8         20.    As the ADAP enrollment contractor, A.J. Boggs was privy to Plaintiffs'

9    confidential medical information. As a custodian of the private health information of

10   its clients, the ADAP administrator is required by state law to ensure that such

11   information is not disclosed or disseminated without the clients' consent.

12        21.    Among the services that A.J. Boggs was contracted by the California

13   Department of Public Health (CDPH) to provide was an "ADAP enrollment portal."

14   The ADAP enrollment portal allows authorized case managers to enroll clients in

15   ADAP, to enter aspects of their clients' confidential medical information into the

16   system, and to subsequently access the private health information of individuals

17   enrolled through the organization for which the authorized case manager works. A.J.

18   Boggs built its online ADAP enrollment and management system itself from scratch

19   and made its ADAP enrollment portal fully functional on July 1, 2016.

20        22.    On or about on August 16, 2016, a security vulnerability in the

21   enrollment portal was exploited, and the private health information of ADAP clients,

22   including Plaintiffs, was left vulnerable to unauthorized third-party access.    On

23   information and belief, this security vulnerability went unnoticed by A.J. Boggs

24   through the end of November 2016.

25        23.    On or about February 7, 2017, CDPH discovered that between August

26   16, 2017 and December 7, 2017, unauthorized third parties accessed Plaintiffs' and

27   the Class' private medical information.

28

CLASS ACTION COMPLAINT

24.    Plaintiffs received a letter dated April 7, 2017, alerting Plaintiffs that Plaintiffs' and other Class members' private health information was improperly accessed by at least one unauthorized third party.

25.    On April 7, 2017, the CDPH sent a letter, signed by Karen L. Smith, MD, MPH, Director and State Public Health Officer, to each Class member stating "on or about February 7, 2017, the California Department of Public Health (Department) determined that some personal information, including personal health information, about the Class may have been improperly accessed via an [ADAP] Enrollment website built and maintained by a Department contractor [A.J. Boggs]."

26.    The letter further stated, "[i]n 2016, the Department became aware that the Enrollment website, administered by the Department's contractor, may have lacked adequate controls and safeguards required to protect the privacy and security of personal information of program clients.    Because of the risk to personal information posed by these security vulnerabilities in the Enrollment website, the Department shut down access to the Enrollment website after learning of the vulnerabilities and began an investigation of security issues in connection with the Enrollment website. The Department has determined that its contractor did not have in place adequate personal information security controls and failed to take other measures to protect the personal information of Department program clients, as required by its contract with the Department."

27.    The letter went on to state that the Department's ongoing investigation indicated that personal information, including personal health information, about Plaintiffs and the Class members may have been accessed by an unauthorized individual(s) between August 16, 2016 and December 7, 2016. The Department's investigation has been unable to determine whether Plaintiffs' and the Class members' personal information may have been accessed by one or more than one individual the Department was unable to identify the identity of the individual(s) who may have improperly Plaintiffs' and the Class members' information. Further, the

1  information about Plaintiffs and the Class that may have been inappropriately

2  accessed have included Plaintiffs' and the Class members' health status, name, Social

3  Security number, date of birth, and enrollment site number.

## CLASS ACTION ALLEGATIONS

5  28.    Plaintiffs bring this action on behalf of themselves individually and on

6  behalf of all others similarly situated. The putative class ("the Class") that Plaintiffs

7  seeks to represent is composed of:

8
> All citizens of the State of California who were enrolled in
9
> California's AIDS Drug Assistance Program ("ADAP") whose
> identities, personal data, and medical information were stored
10
> on the ADAP enrollment Internet portal between August 16,
> 2016 and December 7, 2016.
11

12  29.    Excluded from the Class are any of Defendant's officers, directors,

13  employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any

14  entity in which Defendant has a controlling interest.  Judicial officers presiding over

15  this case, its staff, and immediate family members, are also excluded from the Class.

16  30.    The members of the Class are so numerous that joinder of all members is

17  impracticable. While the exact number of the Class members is unknown to Plaintiffs

18  at this time, such information can be ascertained through appropriate discovery, from

19  records maintained by Defendant and the CDPH.

20  31.    There is a well-defined community of interest among the members of the

21  Class because common questions of law and fact predominate, Plaintiffs' claims are

22  typical of the members of the class, and Plaintiffs can fairly and adequately represent

23  the interests of the Class.

24  32.    Common questions of law and fact exist as to all members of the Class

25  and predominate over any questions affecting solely individual members of the Class.

26  Among the questions of law and fact common to the Class are:

27

28

CLASS ACTION COMPLAINT

a) Whether Plaintiffs and the Class had their medical information recorded onto Defendant's ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016;

b) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA;

c) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c);

d) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, constitutes a release of Plaintiffs' and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA; and

e) Whether Plaintiffs and the Class are entitled to nominal damages.

33.    Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollar ($1,000) per violation pursuant to Civil Code §§ 56.101 56.36(b)(1), and actual damages, if any, per violation pursuant to Civil Code §§ 56.101, 56.36(b)(2).

34.    Plaintiffs will fairly and adequately protect the interests of the Class. Moreover, Plaintiffs have no interest that is contrary to or in conflict with those of the

CLASS ACTION COMPLAINT

1  Class they seek to represent during the Class Period.  In addition, Plaintiffs have

2  retained competent counsel experienced in class action litigation to further ensure

3  such protection and intend to prosecute this action vigorously.

4      35.    The prosecution of separate actions by individual members of the Class

5  would create a risk of inconsistent or varying adjudications with respect to individual

6  members of the Class, which would establish incompatible standards of conduct for

7  the Defendant in the State of California and would lead to repetitious trials of the

8  numerous common questions of fact and law in the State of California.  Plaintiffs

9  know of no difficulty that will be encountered in the management of this litigation

10  that would preclude its maintenance as a class action.  As a result, a class action is

11  superior to other available methods for the fair and efficient adjudication of this

12  controversy.

13      36.    Proper and sufficient notice of this action may be provided to the Class

14  members through direct mail.

15      37.    Moreover, the Class members' individual damages are insufficient to

16  justify the cost of litigation, so that in the absence of class treatment, Defendant's

17  violations of law inflicting substantial damages in the aggregate would go

18  unremedied without certification of the Class.  Absent certification of this action as a

19  class action, Plaintiffs and the members of the Class will continue to be damaged by

20  the unauthorized release of their individual identifiable medical information.

## CAUSES OF ACTION

### Count I

### Violations of the Confidentiality of Medical Information Act ("CMIA")

### California Civil Code §§ 56, et seq.

25      38.    Plaintiffs incorporate by reference all of the above paragraphs of this

26  complaint as if fully stated herein.

27      39.    Defendant is a "contractor," within the meaning of Civil Code §

28  56.05(d), and maintained and continues to maintain "medical information," within the

CLASS ACTION COMPLAINT

1  meaning of Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning

2  of Civil Code § 56.05(k).

3      40.    Plaintiffs and the Class are "patients" of Defendant within the meaning

4  of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code §

5  56.05(e) because Plaintiffs and the Class fear that disclosure of their medical

6  information could subject them to harassment or abuse.  Furthermore, Plaintiffs and

7  the Class, as patients of Defendant, had their individually identifiable "medical

8  information," within the meaning of Civil Code § 56.05(j), created, maintained,

9  preserved, and stored on Defendant's computer network, and were ADAP

10  participants or enrollees between August 16, 2016 and December 7, 2016.

11      41.    By making Defendant's ADAP enrollment Internet portal fully

12  functional on July 1, 2016, Defendant negligently created, maintained, preserved, and

13  stored Plaintiffs' and the Class members' individual identifiable "medical

14  information," within the meaning of Civil Code § 56.05(j), including Plaintiffs' and

15  the Class members' health status, name, Social Security number, date of birth, and

16  enrollment site number, on the ADAP enrollment Internet portal built and maintained

17  by Defendant.

18      42.    Defendant allowed Plaintiffs' and the Class members' medical

19  information to become publicly available on the Internet by publishing it on its

20  ADAP enrollment Internet portal, accessible to anyone without the need for

21  decryption or entry of a password.  Further, on or about February 7, 2017, the

22  California Department of Public Health (CDPH) determined that some personal

23  information, including personal health information, about Plaintiffs and the Class

24  may have been improperly accessed via the ADAP enrollment Internet portal built

25  and maintained by Defendant. Based upon information and belief, Plaintiffs allege

26  that Plaintiffs' and other Class members' medical information was accessed by an

27  unauthorized person or persons.

28

43. Defendant published Plaintiffs' and the Class members' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA.

44. Defendant's failure to obtain the written consent of Plaintiffs and the Class before publishing Plaintiffs' and the Class members' medical information on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiffs and the Class, constitutes a negligent release of Plaintiffs' and the Class members' confidential, individual identifiable "medical information" to an unauthorized person or persons in violation of Civil Code § 56.101 of the CMIA.

45. Furthermore, Defendant's publishing Plaintiffs' and the Class members' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was not permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c).

46. As a result of Defendant's above-described conduct, Plaintiffs and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

47. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiffs, individually and for each member of the Class, seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

///

///

///

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;

- That the Court appoint Plaintiffs to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;

- That Plaintiffs and the Class be awarded prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein;

- That Plaintiffs and the Class be awarded injunctive relief prohibiting such conduct in the future;

**For Count I**

**Violations of Cal. Civ. Code §§ 56, et seq. (CMIA)**

- An award of nominal damages in the amount of $1,000.00 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);

- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2); and

- Any and all further relief that this Court deems just and proper.

Dated: September 12, 2018        **KAZEROUNI LAW GROUP, APC**

By:   _/s/ Abbas Kazerounian_____
         Abbas Kazerounian, Esq.
         Mona Amini, Esq.
         *Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT

1

**TRIAL BY JURY**

2        48.    Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury on all

4    causes of action and claims with respect to which they have a right to a jury trial.

5

6                                                  Respectfully submitted,

7    Dated: September 12, 2018              **KAZEROUNI LAW GROUP, APC**

8

9                                  By:    */s/ Abbas Kazerounian*_____
                                          Abbas Kazerounian, Esq.

10                                         Mona Amini, Esq.
                                          *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT